AO 245B (CASDRev. 08/13) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**FILED**
MAR 2 2 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES OF AMERICA
V.
KYLE VESTERMARK (2)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 16CR1441-JLS

Jeremy D. Warren
Defendant's Attorney

**REGISTRATION NO.** 57046298

☐ -

☒ pleaded guilty to count(s)   1 of the Indictment

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18 USC 371 | Conspiracy | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   (remaining counts)   are   dismissed on the motion of the United States.

☒ Assessment: $100.00 imposed
    -

☐ Fine waived    ☒ Forfeiture pursuant to order filed   3/20/2017  , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

March 10, 2017
Date of Imposition of Sentence

*(signature)*
HON. JANIS L. SAMMARTINO
UNITED STATES DISTRICT JUDGE

16CR1441-JLS

| | | |
|---|---|---|
| DEFENDANT: | KYLE VESTERMARK (2) | Judgment - Page **2** of **4** |
| CASE NUMBER: | 16CR1441-JLS | |

## PROBATION

The defendant is hereby sentenced to probation for a term of:
**Five (5) years**

    The defendant shall report to the probation office within 72 hours from the date of sentencing.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of probation, unless otherwise ordered by court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)
- ☐ The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF PROBATION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | KYLE VESTERMARK (2) | Judgment - Page **3** of **4** |
| CASE NUMBER: | 16CR1441-JLS | |

## SPECIAL CONDITIONS OF SUPERVISION

Report vehicles owned or operated, or in which you have an interest, to the probation officer.

Submit your person, property, house, residence, vehicle, papers, computer, electronic communications or data storages devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a conditions of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§3563(b)(23); 3583(d)(3).

Provide complete disclosure of personal and business financial records to the probation officer as requested.

Notify the Collections Unit, U.S. Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, entity, including a trust, partnership, or corporation, until fine is paid in full.

Notify the Collections Unit, U.S. Attorney's Office, before transferring any interest in any property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnerships, or corporations, until fine is paid in full.

Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

Participate for a period of **8 months** in the home detention component of the Location Monitoring Program, which may include electronic monitoring, GPS, Alcohol monitoring, or other automated identification systems; the defendant shall observe all rules of such program, as directed by the Probation Officer. The defendant shall maintain a residential telephone line without devices and/or services that may interrupt the operation of the monitoring equipment, unless excused by the Probation Officer. The defendant shall pay costs of location monitoring to the contract vendor not to exceed the sum of $12.00 for each day of participation; the defendant shall provide payment and proof of payment as instructed.

16CR1441-JLS

| DEFENDANT: | KYLE VESTERMARK (2) | Judgment - Page 4 of 4 |
|---|---|---|
| CASE NUMBER: | 16CR1441-JLS | |

# FINE

The defendant shall pay a fine in the amount of   **$40,000.00**   unto the United States of America.

This sum shall be paid   ☒   as follows:

Pay a fine in the amount of **$40,000** through the Clerk, U.S. District Court, jointly and severally with Dunes Edge Storage, LLC. Payment of fine shall be forthwith. The defendant shall pay the fine during his probation at the rate of $2,000 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the fine judgment at any time.

Until fine as been paid, the defendant shall notify the Clerk of Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.